# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 15-2019; Mary Sue Roberts v Jay Roberts, et al |
| **Originating No. & Caption** | 5:15-cv-02099 |
| **Originating Court/Agency** | U.S. District Court, So. District WV Beckley Div. |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 USC 1295 | |
| Time allowed for filing in Court of Appeals | 30 days after Order | |
| Date of entry of order or judgment appealed | August 5, 2015 | |
| Date notice of appeal or petition for review filed | September 4, 2015 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ☒ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-521-4022.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ☒ No |

01/27/2015
SCC

**Appellant** (Attach additional page if necessary.)

| | |
|---|---|
| Name: Mary Sue Roberts | Name: |
| Attorney: Barry L. Bruce<br>Address: PO Box 388<br>         Lewisburg WV 24901 | Attorney:<br>Address: |
| E-mail: bbruce@blblaw.org | E-mail: |
| Phone: | Phone: |

**Appellant (continued)**

| | |
|---|---|
| Name: | Name: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

Signature: _/s/ Barry L. Bruce_     Date: September 17, 2015

Counsel for: Appellant, Mary Sue Roberts

**Certificate of Service**: I certify that on ___9-17-2015___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

Michael R. Proctor
Dinsmore & Shohl
215 Don Knotts Blvd
Morgantown WV 26501

Signature: _/s/ Barry L. Bruce_     Date:     September 17, 2015

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ☒ No |
| Has transcript been filed in district court? | ○ Yes | ☒ No |
| Is transcript order attached? | ○ Yes | ☒ No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ☒ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ○ Yes | ☒ No |
| Does case involve question of first impression? | ○ Yes | ☒ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ☒ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| Nature of Case (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| See attached page. |

**Nature of the Case** (Nature of case and disposition below):

The United States Bankruptcy Court Case No. 5:14-bk-50147, AP Case No. 14-ap-05016, Mary Sue Roberts Debtor/Plaintiff, v. Jay A. Roberts and Ashley Roberts McNamara, Individually and as Substitute Trustees of the Della I. Roberts Trust, was an Adversary Proceeding filed in the Bankruptcy Court on behalf of Mary Sue Roberts, Debtor. Jay A. Roberts and Ashley Roberts McNamara as Trustees of the Della Roberts Trust filed a Motion to Withdraw the Reference of the Adversary Proceeding to the Bankruptcy Court, which the Court granted on February 24, 2015.

The case was transferred to The United States District Court for the Southern District of West Virginia, Case No. 5:15-cv-02099.

Defendants, Jay A. Roberts and Ashley Roberts McNamara, filed a Motion to Dismiss and Mary Sue Roberts filed a Reply Memorandum to Defendants' Motion to Dismiss. The United States District Court Judge, without a hearing, entered an Order and Memorandum and Order on August 5, 2015, dismissing the Adversary Proceeding for lack of the Court's jurisdiction.

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

See attached page.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| Adverse Party: Jay Roberts | Adverse Party: Ashley McNamara |
|---|---|
| Attorney: Michael R. Proctor<br>Address: Dinsmore & Shohl<br>215 Don Knotts Blvd<br>Morgantown WV 26501 | Attorney: Michael R. Proctor<br>Address: Dinsmore & Shohl<br>215 Don Knotts Blvd<br>Morgantown WV 26501 |
| E-mail: michael.proctor@dinsmore.com<br>Phone: (304) 225 1449 | E-mail: michael.proctor@dinsmore.com<br>Phone: (304) 225 1449 |

**Adverse Parties (continued)**

| Adverse Party: | Adverse Party: |
|---|---|
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail:<br>Phone: | E-mail:<br>Phone: |

**Issues** (non-binding statement of issues on appeal):

1. The United States District Court for the Southern District of West Virginia, Case No. 5:15-cv-02099, erred in finding that it did not have jurisdiction over the Varner Trust and, specifically, finding that the Larimer County Colorado District Court, had jurisdiction over the Varner Trust, this in spite of the fact that the Colorado Court specifically stated it had no jurisdiction over the Varner Trust as the Varner Trust was administered in the State of West Virginia.

2. On the original Complaint filed in the United States District Court for the Southern District of West Virginia, Case No. 5:13cv12569, regarding Mary Sue Roberts' individual funds from her inheritance from her mother and the Varner Trust funds that were placed into the Della Roberts Trust, the District Court found that the Colorado Court had jurisdiction over the Della Roberts Trust and dismissed the case. Mary Sue Roberts initially appealed the District Court's decision to the United States Fourth Circuit Court of Appeals, but later dismissed the case prior to any briefing being submitted.

3. Without any legal authority, the Colorado Court proceeded to hearing and the Trustees of the Della Roberts Trust requested the Colorado Court to make findings that the Defendants be awarded attorney fees incurred by Defendants in the proceedings in the United States District Court for the Southern District of West Virginia and the United States Fourth Circuit Court of Appeals, which the Colorado Court awarded in its proposed order. The Colorado Court believed the cases were both frivolous and had no merit even though the Trustees of the Della Roberts Trust had never requested an award of attorney fees in either case. Both cases have been dismissed without attorney fees being requested in Federal court. The Colorado Court has not entered a final order in this regard.

4. The critical issue in the Adversary Proceeding was who owned the Varner trust monies that were placed in the Della Roberts Trust. The Colorado Court made a proposed finding that ½ the monies would be owned by the three children of Mary Sue Roberts and ½ would be credited to the Della Roberts Trust account. Mary Sue Roberts was entitled to 100% of the Varner Trust funds. The United States District Court ruled that it did not have jurisdiction to determine the issue of the Varner Trust monies. If Mary Sue Roberts' bankruptcy estate was properly credited with the $294,500 Varner Trust funds, her bankruptcy estate would be solvent and she would have been able to dismiss her bankruptcy.

5. The Defendants created an accounting report indicating their father, James Roberts, Trustee of the Della Roberts Trust, misapplied and/or misappropriated trust fund monies, leaving a deficiency balance of $234,216.63 in the trust account. The Defendants were requesting the Colorado Court to place a constructive trust on Mary Sue Robert's residential real estate in Greenbrier County, West Virginia, for the amount of the payment of said deficiency. Even though constructive trusts are core proceedings in bankruptcy matters and constructive trusts relate to the bankruptcy estate, the District Court found it did not have jurisdiction over the planned constructive trust in West Virginia.